SUMMARY ORDER
Petitioner Wander Berroa-Soto (“Ber-roa”), a citizen of the Dominican Republic, petitions for review of a January 24, 2008, 2008 WL 486860, BIA decision, No. A 56-682-953, affirming the decision of an Immigration Judge (“IJ”) dated October 3, 2007, finding Berroa removable. We assume the parties’ familiarity with the facts and procedural history of this case, and the issues presented by this petition.
Berroa was admitted to the United States on December 3, 2003, as a lawful permanent resident. On November 17, 2006, he pled guilty in Connecticut Superi- or Court to Assault in the Second Degree in violation of Conn. Gen.Stat. § 53a-60, and Assault in the Third Degree in violation of Conn. Gen.Stat. § 53a-61. Berroa was served with a Notice to Appear in August 2007 charging him with removability pursuant to section 237(a)(2)(A)(iii) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(A)(iii), for having been convicted of an aggravated felony, a “crime of violence,” after having been admitted. See 8 U.S.C. § 1101(a)(43)(F); 18 U.S.C. § 16 (defining “crime of violence”). The predicate crime for which Berroa was found to be removable was the Second Degree Assault conviction pursuant to Conn. Gen.Stat. § 53a-60, which reads, in pertinent part:
A person is guilty of assault in the second degree when:
(1)With intent to cause serious physical injury to another person, he causes such injury to such person or to a third person; or
(2) with intent to cause physical injury to another person, he causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument other than by means of the discharge of a firearm; or
(3) he recklessly causes serious physical injury to another person by means of a deadly weapon or a dangerous instru-mente.]
Conn. Gen.Stat. § 53a-60. The IJ found this statute to be divisible because subpar-agraph (3) requires only recklessness for a conviction and is therefore not a crime of violence under 18 U.S.C. § 16. The Connecticut court’s judgment of conviction did not specify of which provision of Conn. Gen.Stat. § 53a-60 Berroa was convicted. The IJ therefore looked to the facts as stated by the prosecutor, and admitted by Berroa during his plea colloquy, to find that Berroa was not convicted under subsection (3), but was convicted under a subsection describing a “crime of violence.” The IJ found Berroa therefore removable. The BIA dismissed Berroa’s appeal.
Berroa argues that the IJ and the BIA erred in considering the facts as admitted by Berroa because they were not part of the record of conviction, and that without looking outside the record of conviction, which they are forbidden to do, they could not tell which provision was violated. He argues, then, that because he might have been convicted under section 53a-60(3), which does not describe a “crime of violence,” he was not necessarily convicted of a “crime of violence,” and he is therefore not removable.
*30 Whether a petitioner’s offense is a “crime of violence,” and therefore an aggravated felony, is a question of law, which we have jurisdiction to review. Canada v. Gonzales, 448 F.3d 560, 563 (2d Cir.2006). In deciding this question, we review the BIA’s decision de novo. Id.
An alien who is convicted of an “aggravated felony,” such as a “crime of violence,” 8 U.S.C. § 1101(a)(43)(F), after being admitted into the United States may be deported. 8 U.S.C. § 1227(a)(2)(A)(iii); Canada, 448 F.3d at 564. The government argues that Berroa was convicted of a crime of violence pursuant to 18 U.S.C. § 16(b). A “crime of violence” under the statute is defined as “any ... offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.” 18 U.S.C. § 16(b)
We have ruled that a “categorical approach” must be used to determine whether an offense is a “crime of violence” within the meaning of section 16(b). Vargas-Sarmiento v. U.S. Dep’t of Justice, 448 F.3d 159, 166 (2d Cir.2006). As both parties acknowledge, the Connecticut statute was divisible between offenses that would constitute “crimes of violence” and those that would not. See Wala v. Mukasey, 511 F.3d 102, 109 (2d Cir.2007). Because the statute was divisible, use of what we call the “modified categorical” approach was appropriate. See Dulál-Whiteway v. U.S. Dep’t of Homeland Sec., 501 F.3d 116, 126 (2d Cir.2007). Where a statute is divisible, the court can look beyond the language of the statute “to the record of conviction for the limited purpose of determining whether the alien’s conviction was under the branch of the statute that permits removal.” Dickson v. Ashcroft, 346 F.3d 44, 48-49 (2d Cir.2003). The “ ‘record of conviction’ includes the ‘charging document, plea agreement, a verdict or judgment of conviction, and a record of the sentence or plea transcript.’ ” Vargas-Sarmiento, 448 F.3d at 167 (citation omitted).
Berroa’s argument that the BIA and IJ engaged in impermissible fact finding by considering the statements made by the prosecutor in their modified categorical analysis fails. The record of conviction includes “a plea colloquy transcript.” Wala, 511 F.3d at 108. Berroa argues that because the facts were stated by the prosecutor before the plea colloquy, they cannot be looked at in determining the statutory provision of which Berroa was convicted. But, during his colloquy with the judge, Berroa was asked if he heard the facts as stated by the prosecutor, and whether “those facts are essentially correct,” to which Berroa responded, “Yes.” Berroa thus admitted to these facts during his plea colloquy, and they are, therefore, part of the record of conviction. See id. at 104,109.
The relevant facts supporting the section 53a-60 conviction were that “Mr. Ber-roa punched [his ex-girlfriend] several times causing her to fall to the ground. She was treated at [an] emergency room and suffered some permanent hearing loss as a result of punches inflicted on that particular date.” Berroa argues that if we did consider the facts as stated by the prosecutor, we could not determine which provision of section 53a-60 was violated, because he admitted only that the facts were “essentially correct” and not “exactly correct.” He submits that these facts, therefore, were not “necessarily pleaded,” so we may not examine them. See DulaU Whiteway, 501 F.3d at 131 (“[F]or convictions following a plea, the BIA may rely only upon facts to which a defendant ‘necessarily pleaded’ in order to determine the type of conduct that represented the basis of an alien’s conviction.”). This argument *31 also fails, because we have held that “a petitioner necessarily pleads to facts when, for example, he actually admits specific facts in his plea colloquy.” Wala, 511 F.3d at 108. We do not read the judge’s use of the word “essentially” to mean that Berroa did not “necessarily plead” to punching his ex-girlfriend. Indeed, the “essence” of the description of his Second Degree Assault was that he punched his ex-girlfriend in the face. Therefore, when he admitted that the facts described by the prosecutor were “essentially correct,” he necessarily conceded that he was guilty of punching his former girlfriend in the face. The only conviction that is supported by the record is therefore under section 53a-60(l). Indeed, this provision best describes the action for which he was convicted: punching someone in the face “several times.” It is hard to see how this would be reckless.
“[E]very set of facts violating a statute must satisfy the criteria for remov-ability in order for a crime to amount to a removable offense.” Dickson, 346 F.3d at 48. “[T]he BIA may not justify removal based on the particular set of facts underlying an alien’s criminal conviction.” Id. The issue, then, is whether Conn. Gen. Stat. § 53a-60(l) is categorically a “crime of violence” pursuant to 18 U.S.C. § 16(b), such that it is an aggravated felony making Berroa removable.
Section 16(b) contains two essential elements: “(1) that the felony offense ‘inherently pose[ ] a substantial risk that a defendant will use physical force,’ and (2) that the risk contemplate ‘an intentional use of force.’ ” Vargas-Sarmiento, 448 F.3d at 172 (citation omitted) (emphasis in original).
Berroa argues that section 53a-60 does not constitute a felony for purposes of section 16(b). Because the maximum prison sentence for section 53a-60 exceeds one year, it is a felony for purposes of section 16(b). See Blake v. Gonzales, 481 F.3d 152, 160 (2d Cir.2007); Conn. Gen.Stat. § 53a-35a(8). Conn. Gen.Stat. § 53a-60(1) also satisfies the other requirements for a crime of violence for purposes of section 16(b). In Vargas-Sarmiento, we concluded that first degree manslaughter in violation of N.Y. Penal Law §§ 125.20(1) or (2) was categorically a crime of violence under section 16(b), in part because “to carry out the specific intent [to cause serious physical injury to another person] an accused will generally use the most egregious forms of physical force.... [W]e can confidently conclude that inherent in the nature of the crime is a substantial risk that the perpetrator may intentionally use physical force to achieve his criminal objective.” Id. at 172-173 (emphasis omitted). Under this rationale, and because the specific intent required in the relevant statute in Vargas-Sarmiento was exactly the same as the specific intent required for a violation of section 53a-60(l), we conclude that section 53a-60(l) constitutes a crime of violence within the meaning of 18 U.S.C. § 16(b).
Because, after examining the record of conviction, we conclude that Berroa was convicted for violating Conn. Gen.Stat. § 53a-60(l), which is a crime of violence under 18 U.S.C. § 16(b), we conclude that the BIA and IJ did not make an error of law in deciding that Berroa is removable for having committed an aggravated felony. We therefore dismiss the petition for lack of jurisdiction. Canada, 448 F.3d at 564 (noting that we have no jurisdiction to review a final order of removal against an alien removable for having committed an aggravated felony).
For the foregoing reasons, the petition for review of the order of the Board of Immigration Appeals is hereby DISMISSED. Having completed our review, *32 the petitioner’s pending motion for a stay of removal is DISMISSED as moot.